**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JULIO RIVERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No: _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| PORTER AUTO GROUP NISSAN | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Julio Rivera ("Plaintiff"), files this action against Defendant, Porter Auto Group Nissan ("Defendant" or "Porter"), for compensatory and punitive damages for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, the Delaware Persons with Disabilities Employment Protections Act, 19 *Del. C.* §720, *et seq*, Delaware Workers' Compensation Act, 19 *Del. C.* § 2365, *et seq*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611 *et seq*, the Age Discrimination in Employment Act of 1967 ("ADEA"), and Breach of the Implied Covenant of Good Faith and Fair Dealing.

**NATURE OF THE ACTION**

2. Defendant employed Plaintiff for nearly twelve years. Plaintiff was hired as an Automotive Technician in the Express Service Department in 2013 and was terminated on October 8, 2019.

3. Defendant engaged in age discrimination and wrongfully discriminated against Plaintiff by virtue of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

4. Defendant engaged in intentional FMLA interference against Plaintiff by virtue of his taking protected leave in violation of the Family Medical Leave Act ("FMLA") of 1993, as amended, 29 U.S.C. § 2601 *et seq.*

5. Defendant engaged in retaliation in violation of Delaware Workers' Compensation Act, 19 *Del. C.* § 2365.

6. Defendant engaged in disability discrimination and wrongfully discriminated against Plaintiff by virtue of his disability in violation of the Americans with Disabilities Act of 1990, 42 *U.S.C.* § 12101 *et seq*, and the Delaware Persons with Disabilities Employment Protections Act, 19 *Del. C*. § 720, *et seq*.

7. Defendant breached the implied covenant of good faith and fair dealing which, under Delaware law, inheres in every contract.

## JURISDICTION

8. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

11. Plaintiff, Julio Rivera, ("Plaintiff), is a resident of Wilmington, New Castle County, Delaware. At all times relevant to this Complaint, Plaintiff was an employee of Defendant.

12. Defendant is a Delaware Corporation, that has a place of business at 300 Cleveland Avenue, Newark, Delaware 19711.

## ADMINISTRATIVE PROCESS

13. On June 11, 2020, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") alleging age and disability discrimination against Defendant Porter.

14. On August 16, 2021, Plaintiff received a "Final Determination and Right to Sue Notice" from the DDOL. *Exhibit A*.

15. On September 7, 2021, Plaintiff received Notice of Right to Sue from the Equal Employment Opportunity Commission. *Exhibit B*.

16. Plaintiff has filed this action under the Americans with Disabilities Act and the Delaware Persons with Disabilities in Employment Protections Act as well as the ADEA and DDEA within ninety (90) days after receipt of his Right to Sue Notice from the DDOL.

17. Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTS

**Defendant Terminated and Reduced Plaintiffs Pay Because of His Age**

18. Defendant Porter terminated Plaintiff due to his age, which at the time of his termination was forty-five (45).

19. Plaintiff began his employment with Defendant in 2013 and remained employed with Defendant until his termination on October 8, 2019.

20. Plaintiff was qualified for his position.

21. Shortly after Plaintiff began his employment with Defendant Porter, Plaintiff had a salary structure of 6% of all labor billed.

22. In or around December of 2017, Plaintiff was approached by the service manager, Dave Ferguson, who stated Plaintiff's pay was too high and his salary would be cut by $30,000.

23. Plaintiff was not aware of any purported performance issues.

24. Plaintiff reported the interaction to his supervisor, Mr. Patrick Arnotte. Instead of addressing Plaintiff's concerns, Mr. Arnotte dismissed Plaintiff stating, "I could train a monkey to do your job."

25. On April 2, 2018, without any further explanation, Plaintiff's percentage-based salary was reduced by 1.5% and his weekly bonus was completely eliminated.

26. The loss of Plaintiff's bonus and salary reduction resulted in an annual loss of over $30,000.00.

27. Upon information and belief, around this same time, Defendant Porter similarly reduced salaries and eliminated bonuses of Mr. Tyrone Govens and Mr. Jeffrey Munsler.

28. Both Mr. Govens and Mr. Munsler are over the age of forty.

29. Upon information and belief, none of the employees under the age of forty had their compensation reduced.

30. Upon his termination, on October 8, 2019, Plaintiff's position and job duties were reassigned to several much younger employees.

31. Upon information and belief, Plaintiff's replacements have significantly less experience than Plaintiff.

32. Similarly, Mr. Govens and Mr. Munsler were replaced by younger individuals.

33. Younger employees were treated more favorably than Plaintiff.

34. Defendant retained sufficiently younger employees than Plaintiff.

35. Plaintiff's age was the determining factor in the decision to reduce his pay and terminate him.

**Defendant Retaliated Against Plaintiff Because of his Disability Which Was Caused at Work.**

36. On April 2, 2019, Plaintiff injured his wrist in a workplace accident.

37. Plaintiff's injury occurred while changing a set of brakes. Plaintiff experienced immediate pain and numbness throughout his hand, wrist, and arm as a result of twisting his wrist to change a customer's tires.

38. Plaintiff sought treatment at Newark Emergency Care Center, where he was instructed to seek additional treatment from a specialist on account of potential nerve damage.

39. Dr. Peter Townsend of Delaware Orthopedic Specialists sent Plaintiff to Christiana Hospital where he was diagnosed with significant nerve damage. In order to correct the nerve damage, Plaintiff required extensive surgery.

40. Pursuant to his doctor's recommendations, Plaintiff was instructed not to use his right hand and to wear a splint. Plaintiff was pressured by management to continue working as if he was not injured.

41. Following the corrective surgery, Plaintiff was instructed to remain out of work for the following two weeks.

42. Plaintiff informed his manager, Mr. Lyle Price, of the scheduled surgery date and recovery period.

43. Mr. Price refused to approve Plaintiff's time off and pressured Plaintiff to re-schedule his surgery. Mr. Price stated, "you only have two weeks' vacation and no sick time, you can't take off anytime."

44. Out of fear of losing his job, Plaintiff was forced to delay his surgery and continue to work while injured for two additional weeks.

45. On June 17, 2019, Plaintiff was finally able to have the necessary surgery on his hand and wrist. Pursuant to his doctor's instructions, Plaintiff was not to use his right hand for six to eight weeks.

46. In or around July 1, 2019, Plaintiff filed a workers' compensation claim.

47. Upon his return to work, Plaintiff provided Mr. Price with a doctor's note informing him of this restriction.

48. In accordance with his doctor's note, Plaintiff requested an assistant to help him perform the essential functions of his position.

49. Defendant Porter regularly allowed the use of an assistant by employees.

50. Upon Plaintiff's request, Mr. Price agreed to provide him with an assistant. However, Mr. Price later refused to provide him with an assistant as agreed upon. Instead, Mr. Price mocked and belittled Plaintiff in front of his co-workers for asking for assistance.

51. Upon information and belief, at the time of Plaintiff's request, there were eight junior Service Technicians available to provide assistance to Plaintiff.

52. Providing an assistant to Plaintiff would not have caused Defendant an undue hardship.

53. Plaintiff was forced to use his right hand despite the immense pain it caused him.

54. Plaintiff was forced to contact the Eastern Alliance Insurance Company who ultimately addressed Plaintiff's accommodation request with Mr. Price.

55. Mr. Price berated and screamed at Plaintiff for claiming he went over his head.

56. On September 25, 2019, prior to receiving clearance to return to work without restrictions, Plaintiff suffered another workplace injury, this time to his knee.

57. At the time of the injury, Plaintiff was forced to work without the use of an assistant.

58. While trying to perform work on a car with the use of only one hand, Plaintiff slipped. In order to avoid further injury to his right hand, Plaintiff landed on his right knee.

59. Plaintiff would not have suffered this injury if he was provided an assistant.

60. Plaintiff reported the injury to Mr. Dennis Dant.

61. Plaintiff expressed concerns with filing a workers' compensation claim.

62. Mr. Dant advised Plaintiff to continue working and see how things went instead of filing a claim.

63. Out of fear of retaliation, Plaintiff continued to work until the pain became intolerable.

64. On October 2, 2019, Dr. Damian Andrisani diagnosed Plaintiff with a fractured leg and ordered Plaintiff to take one to two weeks off of work until an MRI could be performed to determine if Plaintiff additionally tore his meniscus.

65. On October 4, 2019, Plaintiff provided Mr. Price with a note from Dr. Andrisani requiring that Plaintiff remain out of working until he was able to get a follow up MRI in one to two weeks.

66. Plaintiff also provided Mr. Arnotte with Dr. Andrisani's note on the same day.

67. On October 7, 2019, Plaintiff reminded Mr. Price that he would be out of work in accordance with his doctor's note.

68. Mr. Price acknowledged Plaintiff's leave and stated that this was acceptable.

69. Plaintiff returned to work on October 8, 2019, out of fear that his continued need for accommodation would result in a termination.

70. Upon his arrival, on October 8, 2019, Plaintiff was terminated by Mr. Price. Plaintiff was advised the reason for his termination was for failing to comply with the 'no call, no show' policy on October 7, 2019.

71. Other employees who were not disabled were treated more favorably than Plaintiff.

72. Other employees were who were not disabled and did not request accommodations were not terminated if they missed work.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

## COUNT I
### Discrimination in Violation of the Americans with Disabilities Act and the Delaware Persons with Disabilities Employment Protections Act

73. The allegations of Paragraphs 1 through 72 are incorporated by reference as if fully restated herein.

74. Defendant Porter employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(3).

75. Plaintiff is an "Employee" as defined by 42 U.S.C. § 12111(4).

76. Plaintiff is a "Qualified Individual" as defined by 42 U.S.C. § 12111(8).

77. Plaintiff received a Right to Sue letter from the DDOL on August 16, 2021 and a Right to Sue letter from the EEOC on September 7, 2021. Plaintiff has satisfied all statutory prerequisites for filing this action.

78. The Americans with Disabilities Act states "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

79. Plaintiff suffered nerve damage to his right wrist on April 2, 2019, which required surgery. As a result, Plaintiff sustained a physical impairment which substantially limited his major life activities such as working and lifting. Plaintiff was unable to lift or use his right hand.

80. Plaintiff fractured his leg on September 25, 2019. As a result, Plaintiff sustained a physical impairment which substantially limited his major life activities such as walking, working and lifting.

81. Plaintiff was qualified and able to perform the essential functions of a Senior Technician with Porter with an accommodation.

82. Plaintiff provided doctors' notes to Defendant indicating Plaintiff's need for medical leave due to his surgery and knee injury.

83. Defendant Porter wrongfully terminated Plaintiff based on his accommodation requests and his disability.

84. As a direct result of Defendant's actions, Plaintiff has suffered physical, emotional and economic damage as a result of the aforementioned conduct.

85. The effect of the practices complained of in the paragraphs above has deprived Plaintiff of equal employment opportunities.

## COUNT II
**Retaliation in Violation of the Delaware Workers' Compensation Act**

86. The allegations of paragraphs 1 through 85 are fully incorporated by reference as if fully restated herein.

87. The Delaware Workers' Compensation Act states "it shall be unlawful for any employer or the duly authorized agent of any employer to discharge or to retaliate or discriminate in any manner against an employee as to the employee's employment because such employee has claimed or attempted to claim workers' compensation benefits from such employer…" 19 *Del. C.* § 2365.

88. Plaintiff filed with workers' compensation for temporary partial disability on or around July 1, 2019, as a result of the workplace injury to his wrist.

89. On September 25, 2019, Plaintiff reported a workplace injury to Ms. Dennis Dant.

90. Plaintiff advised Mr. Dant he was fearful of being terminated for filing another workers' compensation claim.

91. Mr. Dant advised Plaintiff to continue working instead of filing a claim.

92. Plaintiff continued to work until the pain became intolerable.

93. Plaintiff was diagnosed with a fractured leg.

94. Plaintiff advised Mr. Price of his diagnosis and required treatment.

95. Defendant terminated Plaintiff on October 8, 2019, in retaliation for his workers' compensation claims.

96. Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated, and continued to willfully, or with reckless disregard, violate the Delaware Workers' Compensation Act and applicable regulations.

97. As a result, Plaintiff has suffered economic damages.

**COUNT III**
**Violations of the Family Medical Leave Act,**
**29.S.C. § 2601 *et seq.* ("FMLA")**

98. The allegations of paragraphs 1 through 97 are fully incorporated by reference as if fully restated herein.

99. Defendant employs fifty or more employees and is an "Employer" as defined by 29 U.S.C. § 2611 (4).

100. At all times relevant hereto, Plaintiff was employed by Defendant and is an "Eligible Employee" as defined by 29 U.S.C. § 2611 (2).

101. Plaintiff was employed by Defendant for at least 12 months.

102. Plaintiff worked for at least 1,250 hours during the 12-month period before his need for leave.

103. "Leave" under the Act shall be granted to a qualified employee for any of the following reasons: …"to care for an employee's spouse, son, daughter, or parent who has a serious health condition; or for a serious health condition that renders employees unable to perform their job." 29 U.S.C. § 2612.

104. A "serious health condition" includes illness, injury, impairment, or physical or mental condition that involves …"or continuing treatment by a health care provider." 29 U.S.C. § 2611 (11).

105. Plaintiff suffered a serious health condition by way of his fractured leg.

106. Dr. Andrisani advised Plaintiff to take one to two weeks off of work in order to continue treatment and proper diagnosis.

107. Eligible employees shall be entitled to a total of 12 workweeks of leave during any 12-month period. 29 U.S.C. § 2612(a)(1).

108. It is "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by" the FMLA, and it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the FMLA. § 2615(a)(1).

109. Plaintiff provided Defendant with doctors' notes indicating Plaintiff's need for leave due to wrist surgery and as a result of his knee injury.

110. Defendant failed to inform Plaintiff of his right to take leave under the FMLA.

111. Plaintiff was terminated because of his medical need for leave.

112. Defendant interfered with Plaintiff's right to leave under the FMLA by terminating Plaintiff without properly informing him of his rights under the FMLA.

113. Defendant has at all times herein, continuously and willfully, or with reckless disregard, violated, and continued to willfully, or with reckless disregard, violate the FMLA and applicable regulations.

114. As a result, Plaintiff has suffered economic damages.

## COUNT IV
**Discrimination Based on Age in Violation of the
Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the
Delaware Discrimination in Employment Act, 19 Del. C. § 710, *et. seq*.**

115. The allegations of Paragraphs 1 through 114 are incorporated by reference as if fully restated herein.

116. Defendant Porter employs twenty or more employees and is an "Employer" as defined by 29 U.S.C. § 630.

117. At all times relevant hereto, Plaintiff was employed by Defendant Porter and is an "Employee" as defined by 29 U.S.C. § 630.

118. Plaintiff is over 40 years old.

119. Plaintiff's salary was reduced, and he was ultimately terminated because of his age.

120. Younger technicians did not receive similar reductions in pay.

121. Plaintiff was replaced by several younger employees, both under the age of 40, with less experience.

122. Defendant was terminated because of his age.

123. Defendant engaged in intentional age discrimination in the terms and conditions of Plaintiff's employment.

124. Therefore, Defendant's discrimination against Plaintiff because of his age constitutes an unlawful employment practice in violation of 29 U.S.C. § 630.

125. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

126. Defendant has intentionally violated Plaintiff's rights under the ADEA, with malice or reckless indifference, and as a result, is liable for punitive damages.

## COUNT V
### Breach of the Implied Covenant of Good Faith and Fair Dealing

127. The allegations of Paragraphs 1 through 126 are incorporated by reference as if fully reinstated herein.

128. Every contract, whether oral or written, express or implied, has a covenant to the effect that neither party to the contract will do anything in bad faith to prevent the other party to the contract from enjoying the benefits of the contract. This is known as the implied covenant of good faith and fair dealing, and this covenant applies to the employment agreement between Plaintiff and Defendant.

129. Defendant Porter breached this covenant by manufacturing a false reason for terminating Plaintiff's employment, namely stating Plaintiff violated Defendant Porter's no call no show policy.

130. Plaintiff specifically informed Mr. Price he would not be able to work due to his knee condition.

131. Defendant intentionally manufactured the reason for Plaintiff's termination.

132. Defendant's breach of the implied covenant of good faith and fair dealing has damaged Plaintiff, financially and professionally.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court order the following relief in favor of Plaintiff:

A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B. Awarding Plaintiff any and all consequential damages, including but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgement interest, equity, liquidated damages, and any or all pecuniary damages.

C. Awarding Plaintiff all compensation due as a result of Defendant's violations herein.

D. Awarding Plaintiff punitive damages.

E. Awarding Plaintiff an equal and additional amount as liquidated damages.

F. Awarding Plaintiff costs and reasonable attorney's fees.

G. Awarding Plaintiff pre and post judgment interest at the legal rate.

H. Any and all such other relief as the Court deems appropriate under the circumstances.

                                          **ALLEN & ASSOCIATES**

                                  */s/ Michele D. Allen*
                                  Michele D. Allen (#4359)
                                  4250 Lancaster Pike Suite 230
                                  Wilmington, DE 19805
                                  302-234-8600
                                  302-397-3930 (fax)
                                  michele@allenlaborlaw.com
Dated: October 1, 2021          *Attorney for Plaintiff*